IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARRY ALEXANDER                                                    PETITIONER

V.                                      CIVIL ACTION NO. 3:25-cv-00983-CWR-BWR

WARDEN BARNES et al.                                              RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the Court following Petitioner's failure to prosecute. After consideration of the record and relevant legal authority, it is recommended that the Petition [1] be dismissed without prejudice for failure to prosecute.

## I. BACKGROUND

On December 23, 2025, Petitioner Barry Alexander, through counsel, filed a Petition for Writ of Habeas Corpus [1]. The Petition did not state under which statute it was brought but alleged that Petitioner "has been illegally incarcerated, imprisoned and enslaved for thirty years without being convicted of a crime," and his sentence is "illegal because there has never been a Judgment of Conviction entered against Petitioner." Pet. [1] at 1-2. The Petition consisted of nineteen queries for Petitioner to answer. Petitioner did not answer ten queries, including, "[s]tate concisely the grounds on which you base your allegation that you are being held in custody unlawfully" and "the facts which support each of the grounds[.]" *Id.* at 2-5.

On January 14, 2026, an Order issued requiring Petitioner to fully complete

1

and file a new petition on Form AO 241. This was ordered because the Petition filed did not contain the information required by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court, which requires, among other things, that a § 2254 petition "[s]pecify all the grounds for relief available to the petitioner" and "state the facts supporting each ground[.]" Rule 2(c), Rules Governing § 2254 Case in the U.S. Dist. Cts. The Court gave Petitioner a deadline of February 5, 2026 to file a new petition on Form AO 241 with "[a]ll applicable blanks on Form AO 241 . . . completed." Order [2] at 2. Form AO 241 was attached to the Order. Attach. [2-1].

On his deadline of February 5, 2026, Petitioner's counsel filed a Motion titled, "Motion for Additional Time to Comply with Order Dated January 14, 2026," that stated in full: "Petitioner through counsel respectfully moves the Court for fifteen additional days to comply with the Order of January 14, 2026. Pet'r Mot. [3] at 1. Petitioner offered no explanation for why the extension was needed and did not attempt to establish good cause.

Three months have passed since Petitioner's counsel requested an extension of time to file a petition on Form AO 241, and Petitioner has not filed a new petition. On April 14, 2026, an Order issued requiring Petitioner to show cause why this case should not be dismissed because he failed to obey the Court's Order to file a new, fully completed petition on Form AO 241 and failed to miss the extended deadline his counsel proposed. Petitioner was warned that "[f]ailure to timely respond to this Order and show cause will result in this case being dismissed without prejudice and

2

without further notice to Petitioner." Order. [3]. Petitioner did not respond to the Court's April 14, 2026 Order.

## II. DISCUSSION

This Court has the authority to dismiss an action for a litigant's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas-corpus petitions. *See Martinez v. Johnson*, 104 F.3d 769, 772–73 (5th Cir. 1997). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630–31.

Petitioner has not filed a new, fully completed Petition on Form AO 241, and he did not respond to the Court's Order requiring him to show cause why this case should not be dismissed for failure to prosecute. It is apparent that Petitioner no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

3

## III. RECOMMENDATION

It is recommended that the Petition [1] be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority because Petitioner has failed to prosecute.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 5th day of May 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE